UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### * AMENDED * CIVIL MINUTES - GENERAL    'O'   JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-01498-CAS | Date | April 13, 2015 |
| Title | ONE LONGHORN LAND I, L.P. v. BRIAN PRESLEY | | |

Bankruptcy No. 1:14-bk-13029-MT; Adversary No. 1:15-ap-01016-MT

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Paul Laurin | Gary Wallace | |

**Proceedings:** PLAINTIFF'S MOTION TO WITHDRAW REFERENCE OF ADVERSARY PROCEEDING (Dkt. No. 1, filed March 2, 2015)

## I.   INTRODUCTION

On June 18, 2014, defendant Brian Presley ("Presley") filed a voluntary petition for Chapter 7 bankruptcy relief in the United States Bankruptcy Court for the Central District of California. On February 23, 2015, plaintiff One Longhorn Land I, L.P. ("Longhorn") filed an adversary complaint in the bankruptcy court. See Dkt. No. 1 Ex. 1 ("Adv. Compl."). On March 2, 2015, Longhorn filed a motion to withdraw the bankruptcy reference with regard to its adversary complaint. Dkt. No. 1. Presley opposed that motion on March 16, 2015, Dkt. No. 10, and Longhorn replied on March 23, 2015, Dkt. No. 14. On April 13, 2015, the Court held a hearing on the motion. Having considered the parties' arguments, the Court denies the motion for the reasons that follow.

## II.   FACTUAL BACKGROUND

The adversary complaint alleges that Presley is a fifty percent owner and managing member of Freedom Films, LLC ("Freedom Films"), a company that is itself a debtor in a separate pending bankruptcy case. Adv. Compl. ¶¶ 4, 6. Freedom Films and related entities were in the business of making movies. Id. ¶ 10. At some point, Presley solicited and obtained financing from a private equity firm called Palo Verde Fund, L.P. ("Palo Verde"). Id. ¶¶ 12–13. In or around July 2010, Presley helped establish an entity called FF Arabian, LLC ("FF Arabian") to produce a movie project called *Arabian Nights*, in which Palo Verde invested. Id. ¶ 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\* AMENDED \* CIVIL MINUTES - GENERAL**      'O'   JS-6

| Case No. | 2:15-cv-01498-CAS | Date | April 13, 2015 |
|---|---|---|---|
| Title | ONE LONGHORN LAND I, L.P. v. BRIAN PRESLEY | | |

 Longhorn contends that Presley's movie projects have been commercial failures, and that in order to continue attracting investors, Presley diverted money intended for *Arabian Nights* to pay returns to Palo Verde investors on a different film, creating the false impression that the other film was a commercial success. Id. ¶ 15. Longhorn alleges that Anthony Stacy ("Stacy") and Paul Ross ("Ross") of Palo Verde knew of and facilitated this Ponzi scheme. Id. Longhorn also submits that millions of dollars intended to finance *Arabian Nights* were instead channeled through Freedom Films entities for various other non-FF Arabian expenses, leaving FF Arabian severely undercapitalized. Id. ¶ 16–17. Longhorn contends that Presley continued to spend lavishly on various film projects despite this undercapitalization. Id. ¶¶ 34–35, 38–39.

 Longhorn alleges that Palo Verde eventually demanded the return of some of its previously invested capital, and that Presley agreed to return a portion disguised as a "loan." Id. ¶¶ 18–19. Longhorn contends that only part of this return was actually effectuated, in a further effort to disguise FF Arabian's poor financial condition. Id. ¶ 24. Subsequently, Presley and Palo Verde sought more investors in FF Arabian, including Longhorn, which invested $500,000 in FF Arabian in mid-2011. Id. ¶¶ 27–28, 31. Longhorn alleges that Presley, Stacy, and Ross purposefully withheld relevant information from Longhorn as it was deciding whether to make its investment, and made affirmatively misleading representations. Id. ¶¶ 29–30, 36–37.

 Longhorn further alleges that Presley caused Freedom Films to agree to repurchase Longhorn's membership interest in FF Arabian for $625,000, then breached that agreement by failing to pay for any portion of Longhorn's interest. Id. ¶¶ 41–42. On September 12, 2013, Longhorn and other investors in FF Arabian, including Palo Verde, filed in Texas state court an action asserting breach of contract claims related to Freedom Films' failure to repurchase membership interests in FF Arabian as agreed. That lawsuit was stayed when Freedom Films filed for bankruptcy, and Longhorn alleges that it subsequently discovered Palo Verde's role in the misconduct described above. Palo Verde has failed and is currently being liquidated. Id. ¶ 43.

 The adversary complaint alleges three claims for relief. First, Longhorn alleges that the debt owed by Presley to Longhorn is nondischargeable under 11 U.S.C. § 523(a)(2)(A) because it was induced by means of false pretenses, false representations, or actual fraud. Id. ¶¶ 46–51. Second, Longhorn claims that the debt is nondischargeable under 11 U.S.C. § 523(a)(4) because it was incurred through fraud or defalcation while

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | * AMENDED * CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-01498-CAS | Date | April 13, 2015 |
| Title | ONE LONGHORN LAND I, L.P. v. BRIAN PRESLEY | | |

Presley was acting in a fiduciary capacity. Id. ¶¶ 52–57. Third, Longhorn alleges that the debt is nondischargeable under 11 U.S.C. § 523(a)(19) because Presley's conduct violated federal and state securities laws, specifically: (1) section 3(a)(47) of the Securities Exchange Act of 1934; (2) Rule 10b-5, promulgated by the SEC under the Securities Exchange Act of 1934; (3) section 12(a)(2) of the Securities Act of 1933, (4) sections 25504 and 25504.1 of the California Corporations Code, and (5) section 33.A of the Texas Securities Act of September 1, 2011. Id. ¶¶ 58-62.

The bankruptcy court docket reflects that the adversary complaint was filed on February 23, 2015, and that Presley filed a motion to dismiss on March 26, 2015. On March 23, 2015, Longhorn filed a separate action in the United States District Court for the Eastern District of Texas against Ross, Stacy, and David Presley (defendant Presley's father). See Dkt. No. 15 Ex. 1. This lawsuit, which the Court subsequently refers to as the "Texas Federal Action," involves the same underlying facts as does the adversary complaint. See generally id. In the Texas Federal Action, Longhorn brings claims for violations of Rule 10b-5, violations of Texas securities laws, and common law fraud. Id. ¶¶ 74–108.

## III. LEGAL STANDARD

Withdrawal of the reference of an adversary proceeding from bankruptcy court is governed by 28 U.S.C. § 157(d), which provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion, or on timely motion of any party for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). This statute "contains two distinct provisions: the first sentence allows permissive withdrawal, while the second sentence requires mandatory withdrawal in certain situations." In re Coe-Truman Techs., Inc., 214 B.R. 183, 185 (N.D. Ill. 1997). Under either provision, the "burden of persuasion is on the party seeking withdrawal." In re First Alliance Mortgage Co., 282 B.R. 894, 902 (C.D. Cal. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | * AMENDED * CIVIL MINUTES - GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-01498-CAS | Date | April 13, 2015 |
| Title | ONE LONGHORN LAND I, L.P. v. BRIAN PRESLEY | | |

### IV.    ANALYSIS

Longhorn argues alternatively that withdrawal is mandatory, and that permissive withdrawal is appropriate. The Court addresses each standard in turn.

####    A.    Mandatory Withdrawal

Withdrawal is mandatory if "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). The Ninth Circuit has suggested in dicta that mandatory withdrawal hinges "on the presence of substantial and material questions of federal law." Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers, 124 F.3d 999, 1008 n.4 (9th Cir. 1997). Another circuit court has warned that the mandatory withdrawal provision should be construed narrowly so as to avoid creating an " 'escape hatch' by which bankruptcy matters could easily be removed to the district court." In re Vicars Ins. Agency, Inc., 96 F.3d 949, 952 (7th Cir. 1996). Thus, the consideration of non-bankruptcy federal law must entail more than "routine application" to warrant mandatory withdrawal. In re Ionosphere Clubs, Inc., 922 F.2d 984, 995 (2d Cir. 1990); see also In re Tamalpais Bancorp, 451 B.R. 6, 8–9 (N.D. Cal. 2011) ("Courts within the Ninth Circuit have largely adopted" the approach of requiring "the interpretation, as opposed to mere application, of the non-title 11 statute."); Hawaiian Airlines, Inc. v. Mesa Air Grp., Inc., 355 B.R. 214, 222 (D. Haw. 2006) ("Cases involving significant interpretation require mandatory withdrawal, while those involving simple application do not." (citing City of New York v. Exxon Corp., 932 F.2d 1020, 1026 (2nd Cir. 1991))).

Longhorn offers three bases for mandatory withdrawal. First, Longhorn argues that this case will require consideration of federal securities laws. It is true that one of the three claims for relief in the adversary complaint cites federal securities laws along with California and Texas securities laws. Adv. Compl. ¶¶ 59, 60. But as stated above, the mere fact that federal non-bankruptcy law may need to be applied does not make withdrawal mandatory. Longhorn has not, in its briefing or at oral argument, specifically identified any issue of federal securities law that will require significant interpretation, merely stating without elaboration that "substantial and material analysis" will be required. Therefore, Longhorn has failed to establish that withdrawal is mandatory because of any need to interpret the federal securities laws in adjudicating this case. See

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | * AMENDED * CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-01498-CAS | Date | April 13, 2015 |
| Title | ONE LONGHORN LAND I, L.P. v. BRIAN PRESLEY | | |

In re Vicars Ins. Agency, 96 F.3d at 954 ("[M]andatory withdrawal is required only when those issues require the interpretation, as opposed to mere application, of the non-title 11 statute, or when the court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law.").

  Longhorn also argues that withdrawal is mandatory because resolving the adversary complaint will require substantial and material consideration of Texas securities laws. But the plain language of the withdrawal statute makes withdrawal mandatory only where a case requires substantial consideration of non-bankruptcy federal law. See 28 U.S.C. § 157(d) ("The district court shall . . . withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."). Courts within this circuit have consistently held that "[c]onsideration of state laws does not give rise to mandatory withdrawal." In re Don's Making Money, LLP, No. CV 07-319-PHX-MHM, 2007 WL 1302748, at *4 (D. Ariz. May 1, 2007); see Lucore v. Guild Mortg. Co., Inc., No. 12-CV-1411-IEG (WVG), 2012 WL 2921354, at *2 (S.D. Cal. July 16, 2012) (same); Stratton v. Garcia, No. CIV-F-06-1495 AWI, 2007 WL 512506, at *3 (E.D. Cal. Feb. 12, 2007) (same); In re Com 21, No. C-04-03396 RMW, 2005 WL 1606357, at *11 (N.D. Cal. July 6, 2005) ("Mandatory withdrawal is not at issue here, as the [claim] here asserted is a state law claim and does not require the consideration of any federal law 'regulating organizations or activities affecting interstate commerce.' "). The Ninth Circuit itself has interpreted section 157 as requiring withdrawal "in cases requiring consideration of non-bankruptcy federal law." Sec. Farms, 124 F.3d at 1008 (emphasis added). Therefore, assuming the adversary complaint raises significant issues of Texas law, that does not mandate withdrawal.

  Finally, Longhorn argues that withdrawal is mandatory because under 11 U.S.C. § 523(a)(19), "a determination of securities fraud liability must be made by a non-bankruptcy court prior to a determination of non-dischargeability." Mot. at 4. As amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), this section provides that a discharge under certain sections of the bankruptcy code does not discharge an individual debtor from any debt that

   (A) is for--
    (i) the violation of any of the Federal securities laws (as that
    term is defined in section 3(a)(47) of the Securities Exchange

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | * AMENDED * CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-01498-CAS | Date | April 13, 2015 |
| Title | ONE LONGHORN LAND I, L.P. v. BRIAN PRESLEY | | |

    Act of 1934), any of the State securities laws, or any regulation
    or order issued under such Federal or State securities laws; or
    (ii) common law fraud, deceit, or manipulation in connection
    with the purchase or sale of any security; and
  (B) results, before, on, or after the date on which the petition was
  filed, from--
    (i) any judgment, order, consent order, or decree entered in any
    Federal or State judicial or administrative proceeding;
    (ii) any settlement agreement entered into by the debtor; or
    (iii) any court or administrative order for any damages, fine,
    penalty, citation, restitutionary payment, disgorgement
    payment, attorney fee, cost, or other payment owed by the
    debtor

11 U.S.C. § 523(a)(19).

  Longhorn relies on In re Jafari, 401 B.R. 494 (Bankr. D. Colo. 2009), in which the plaintiffs sought partial summary judgment in bankruptcy court on their nondischargeability claim under § 523(a)(19). Id. at 495. Citing a comparison with the other subsections of § 523(a) and its understanding of the legislative history, and reasoning that a contrary interpretation would read subsection (B) out of the statute, the In re Jafari court determined that the liability determination must be made outside of the bankruptcy forum. Id. at 496–500. Other bankruptcy courts have reached the same result, largely adopting or mirroring the reasoning of In re Jafari. See In re Collier, 497 B.R. 877, 903 (Bankr. E.D. Ark. 2013); In re Bundy, 468 B.R. 916, 918–22 (Bankr. E.D. Wash. 2012); In re Pujdak, 462 B.R. 560, 573–76 (Bankr. D.S.C. 2011); In re Anderson, Adversary No. 10-07039-TLM, 2012 WL 3133827, at *2–4 (Bankr. D. Idaho Aug. 1, 2012). A comparable number of courts, however, have concluded that bankruptcy courts can make the liability determination themselves. See In re Sato, 512 B.R. 241 (Bankr. C.D. Cal. 2014); In re Hill, 495 B.R. 646, 661 (Bankr. D.N.J. 2013); In re Chan, 355 B.R. 494, 505 (Bankr. E.D. Pa. 2006); In re Civiello, 348 B.R. 459, 466–67 (Bankr. N.D. Ohio 2006); In re Jensen-Ames, Adversary No. 10-01684, 2011 WL 1238929 (Bankr. W.D. Wash. Apr. 18, 2012).

  This Court concludes that withdrawal of the reference is not mandated by the presence of the § 523(a)(19) claim. First, the statute's reference to "any judgment, order,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

\* AMENDED \* CIVIL MINUTES - GENERAL          'O'   JS-6

| Case No. | 2:15-cv-01498-CAS | Date | April 13, 2015 |
|---|---|---|---|
| Title | ONE LONGHORN LAND I, L.P. v. BRIAN PRESLEY | | |

consent order, or decree entered in <u>any</u> Federal or State judicial or administrative proceeding," and the fact that the statute was amended to remove a previous condition that the judgment or order be entered pre-petition, suggest that the bankruptcy court can make the liability determination itself.  11 U.S.C. § 523(a)(19)(B)(i) (emphasis added); <u>see</u> <u>In re Jensen-Ames</u>, 2011 WL 1238929, at *8 (concluding that the narrower view "flies in the face of the unambiguous language of the statute" and the "Ninth Circuit's broad interpretation of the bankruptcy court's authority to make determinations of liability in connection with dischargeability determinations" (citing <u>In re Sokoloff</u>, 424 F.3d 864 (9th Cir. 2005) (holding that bankruptcy courts may enter money judgments in adjudicating nondischargeability adversary proceedings))).  The Court is also persuaded by the <u>In re Hill</u> court's reasoning that the jurisdiction-stripping view of § 523(a)(19) runs counter to the purposes of Sarbanes-Oxley, the BAPCPA amendments, and the case administration flexibility traditionally afforded to bankruptcy courts.  <u>In re Hill</u>, 495 B.R. at 659–660; <u>see also</u> <u>In re Sato</u>, 512 B.R. at 252 ("The more expanded approach to § 523(a)(19)(B) is closer in line with the broad language of the Code, the effort to make it even broader by the BAPCPA amendment and the need to litigate all exceptions to discharge in one proceeding.").  The negative impact of the narrower view on bankruptcy administration is particularly apparent in a case like this, where Longhorn has also filed nondischargeability claims under § 523(a)(2) and (a)(4).  In such a situation,

> placing a limitation on bankruptcy court jurisdiction would be disruptive. . . . How would exceptions to discharge for common law fraud (§ 523(a)(2)), fraud or defalcation of a fiduciary ((a)(4)), and willful and malicious injury ((a)(6))—so often coupled with those of (a)(19) but subject to exclusive bankruptcy jurisdiction—be adjudicated?  Congress could not have intended to create the procedural mishmash which limited bankruptcy court jurisdiction engenders.

<u>In re Hill</u>, 495 B.R. at 660; <u>see also</u> <u>In re Sato</u>, 512 B.R. at 252 ("To require a piecemeal adjudication of a § 523(a)(19) issue elsewhere would not make sense where a § 523(a)(2)

Case 2:15-cv-01498-CAS   Document 17   Filed 04/13/15   Page 8 of 13   Page ID #:356

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

* AMENDED * CIVIL MINUTES - GENERAL          'O'    JS-6

| Case No. | 2:15-cv-01498-CAS | Date | April 13, 2015 |
|---|---|---|---|
| Title | ONE LONGHORN LAND I, L.P. v. BRIAN PRESLEY | | |

exception is already being litigated."). Adopting this broader view of § 523(a)(19), the Court concludes that withdrawal is not mandatory in this case.[1]

### B.     Permissive Withdrawal

Withdrawal is permissive "for cause shown." 28 U.S.C. § 157(d); Sec. Farms, 124 F.2d at 1008. To determine whether cause for permissive withdrawal exists, a district court "should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993). Next, the "district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." Sec. Farms, 124 F.2d at 1008 (citing In re Orion Pictures Corp., 4 F.3d at 1101). "It is within a district court's discretion to grant or deny a motion for permissive withdrawal of reference; that decision will not be disturbed unless the court abuses its discretion." In re EPD Inv. Co. LLC, No. cv-13-05536 SJO, 2013 WL 5352953, at *2 (C.D. Cal. Sept. 24, 2013) (citing In re Cinematronics, Inc., 916 F.2d 1444, 1451 (9th Cir. 1990)).

####     1.     Core or Non-Core

Pursuant to statute, "[b]ankruptcy judges may hear and enter final judgments in 'all core proceedings arising under title 11, or arising in a case under title 11.'" Stern v. Marshall, 131 S. Ct. 2594, 2603 (2011) (quoting 28 U.S.C. § 157(b)(1)).[2] Absent the

---

[1] The Court acknowledges Longhorn's argument that here, unlike in In re Sato and In re Jensen-Ames, the alleged victim of securities fraud does not wish to litigate in the bankruptcy court. However, the Court does not find that distinction significant to its interpretation of what § 523(a)(19) permits a bankruptcy court to adjudicate.

[2] Nevertheless, "as a constitutional matter, some claims labeled by Congress as 'core' may not be adjudicated by a bankruptcy court to final judgment. [Citation] These claims are called 'Stern claims.'" Mastro v. Rugby, 764 F.3d 1090, 1093 (9th Cir. 2014) (internal quotation marks omitted) (quoting Exec. Benefits Ins. Agency v. Arkinson, 134 S. Ct. 2165, 2172 (2014)). To the extent that Longhorn argues that its claims are core Stern claims on which a bankruptcy court cannot enter final judgment, the Ninth Circuit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | * AMENDED * CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-01498-CAS | Date | April 13, 2015 |
| Title | ONE LONGHORN LAND I, L.P. v. BRIAN PRESLEY | | |

parties' consent, bankruptcy judges cannot enter final judgment in non-core proceedings, but may submit proposed findings of fact and conclusions of law to the district court, which reviews *de novo* any matter to which a party objects. Id. at 2604. 28 U.S.C. § 157(b)(2) provides a non-exhaustive list of core proceedings. Generally, "[a]ctions that do not depend on bankruptcy laws for their existence and that could proceed in another court are considered 'non-core.' " Sec. Farms, 124 F.3d at 1008. Conversely, a "core proceeding is one that 'invokes a substantive right provided by title 11 or . . . a proceeding that, by its nature, could arise only in the context of a bankruptcy case.' " Battle Ground Plaza, LLC v. Ray (In re Ray), 624 F.3d 1124, 1131 (9th Cir. 2010) (citation omitted). The Ninth Circuit has suggested that permissive withdrawal is appropriate where "non-core issues predominate." Sec. Farms, 124 F.3d at 1008.

Longhorn argues that the "crux" of the adversary complaint involves state and federal securities claims and common law fraud, which do not depend on bankruptcy law. However, Congress has expressly defined as core "determinations as to the dischargeability of particular debts." 28 U.S.C. § 157(b)(2)(I). Each of the adversary complaint's claims seeks the nondischargeability of a debt. Moreover, "[b]ankruptcy courts have exclusive jurisdiction over nondischargeability actions brought pursuant to 11 U.S.C. § 523(a)(2) [and] (4)." Rein v. Providian Fin. Corp., 270 F.3d 895, 904 (9th Cir. 2001). And the Ninth Circuit has recently referred to § 523(a) dischargeability actions as involving "a prototypical bankruptcy context." In re Deitz, 760 F.3d 1038, 1043 (9th Cir. 2014) (similar). Longhorn's arguments that its claims should nevertheless be considered non-core because one references state law is unavailing: " A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its

---

has recently rejected a similar argument. See In re Deitz, 760 F.3d at 1050 ("We hold that, even after Stern, the bankruptcy court had the constitutional authority to enter a final judgment determining both the amount of Fords' damage claims against Deitz, and determining that those claims were excepted from discharge [under § 523(a)]."). Moreover, even if Stern claims were at issue, that would not necessarily mean that withdrawal is mandatory or warranted. See In re Heller Ehrman LLP, 464 B.R. 348, 352–61 (N.D. Cal. 2011) (finding that core fraudulent conveyance claims were Stern claims, but that the bankruptcy court could hear the case and submit proposed findings, and declining to withdraw the reference).

Case 2:15-cv-01498-CAS   Document 17   Filed 04/13/15   Page 10 of 13   Page ID #:358

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

\* AMENDED \* CIVIL MINUTES - GENERAL         'O'   JS-6

| Case No. | 2:15-cv-01498-CAS | Date | April 13, 2015 |
|---|---|---|---|
| Title | ONE LONGHORN LAND I, L.P. v. BRIAN PRESLEY | | |

resolution may be affected by state law." 28 U.S.C. § 157(b)(3). For these reasons, the adversary complaint raises core claims, which weighs against permissive withdrawal.

  2. Other Factors

  "The determination of whether claims are core or non-core is not dispositive of a motion to withdraw a reference." Hawaiian Airlines, Inc. v. Mesa Air Grp., Inc., 355 B.R. 214, 223 (D. Haw. 2006). As noted above, relevant factors include the "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." Sec. Farms, 124 F.2d at 1008 (citing In re Orion Pictures Corp., 4 F.3d at 1101).

  Longhorn argues that judicial economy and the avoidance of unnecessary delay and cost counsel withdrawal because the **\*bankruptcy** court's decision would be subject to later review by the district court, and because there have not yet been substantive proceedings on the adversary complaint in the bankruptcy court. Moreover, Longhorn argues, withdrawal would be the most efficient course because it can then file motions to transfer and consolidate the adversary complaint proceedings with the Texas Federal Action. Longhorn contends that withdrawal (and subsequent transfer and consolidation) would advance the public policy in favor of allowing actions for securities fraud to take place in the forum where the victims reside and were targeted, and allow Longhorn to return to the forum in which it first joined in litigation against Presley. See In re Triton Ltd. Secs. Litig., 70 F. Supp. 2d 678, 682–83 (E.D. Tex. 1999) ("The Securities Exchange Act provides liberal venue rules to allow plaintiffs who are 'subject to nationwide securities fraud schemes to vindicate their rights without having to resort to fragmented litigation.' " (quoting In Re Towner Petroleum Co. Secs. Litig., MDL 607, 1986 WL 290, at \*12 (E.D.Pa. June 30, 1986))). Withdrawal for these purposes would also, Longhorn argues, avoid litigation of the same facts in multiple forums.

  The Court is not persuaded. The crux of Longhorn's argument turns on the assumptions that, after withdrawal of the reference, this Court will grant a yet-to-be-filed motion for discretionary transfer so that Longhorn can seek to consolidate this proceeding with a later-filed lawsuit, and that a district court in Texas will order such consolidation. Whatever the merits of these hypothetical procedural motions, they are not presently before the Court. Some of Longhorn's arguments also appear to depend on the contention, rejected above, that non-core claims predominate. Moreover, in addition to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | * AMENDED * CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-01498-CAS | Date | April 13, 2015 |
| Title | ONE LONGHORN LAND I, L.P. v. BRIAN PRESLEY | | |

the § 523(a)(19) claim on which Longhorn focuses, the adversary complaint raises § 523(a)(2) and (a)(4) claims, which are committed to the exclusive jurisdiction of the bankruptcy court. Rein, 270 F.3d at 904 This seriously undermines Longhorn's argument that withdrawal of the reference is the most efficient course.

  Longhorn also argues that the fact that it has demanded a jury trial favors withdrawal. Congress has authorized bankruptcy courts to conduct jury trials "if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." 28 U.S.C. § 157(e). The Bankruptcy Court for the Central District of California is authorized to conduct jury trials. C.D. Cal. General Order 13-05. However, the Ninth Circuit has held that "bankruptcy courts cannot conduct jury trials on noncore matters, where the parties have not consented," because to do so would create a conflict between the Seventh Amendment and the 28 U.S.C. § 157(c)(1). In re Cinematronics, 916 F.2d at 1451. Therefore, "where a jury trial is required and the parties refuse to consent to bankruptcy jurisdiction, withdrawal of the case to district court is appropriate." Id. For this reason, Longhorn argues, it would make no sense to have the parties proceed in bankruptcy court only to have the proceeding withdrawn for trial eventually.[3]

  The flaw in this argument is that the adversary complaint raises core nondischargeability claims, and Longhorn has not established that a jury trial is "required." The Ninth Circuit has held that "[b]ankruptcy litigants . . . have no Seventh Amendment right to a jury trial in dischargeability proceedings," because such proceedings are equitable in nature. In re Hashemi, 104 F.3d 1122, 1124 (9th Cir. 1996). It is true, as Longhorn stressed at the hearing, that In re Hashemi left open the possibility that a dischargeability proceeding's underlying liability determination might still implicate the Seventh Amendment if based on a legal claim. See id. But the Court concludes that Longhorn has not shown that a jury trial is required in this case.

  The Supreme Court has stated that "if a statutory cause of action is legal in nature, the question whether the Seventh Amendment permits Congress to assign its adjudication

---

  [3]Even where there is a Seventh Amendment right to a jury trial in the district court, the bankruptcy court may retain jurisdiction over the case for pretrial matters. In re Healthcentral.com, 504 F.3d 775, 788 (9th Cir. 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | * AMENDED * CIVIL MINUTES - GENERAL | 'O' JS-6 |
|---|---|---|
| Case No. | 2:15-cv-01498-CAS | Date  April 13, 2015 |
| Title | ONE LONGHORN LAND I, L.P. v. BRIAN PRESLEY | |

to a tribunal that does not employ juries as factfinders requires the same answer as the question of whether Article III allows Congress to assign adjudication of that cause of action to a non-Article III tribunal." Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 53 (1989). Therefore, "if Congress may assign the adjudication of a statutory cause of action to a non-Article III tribunal, then the Seventh Amendment poses no independent bar to the adjudication of that action by a nonjury factfinder," and "decisions exploring the restrictions Article III places on Congress' choice of adjudicative bodies" are instructive on the Seventh Amendment question. Id. at 53–54. As noted above, the Ninth Circuit has recently rejected the argument that, in the wake of Stern, bankruptcy courts may not enter final judgments in dischargeability actions under § 523(a) involving state law claims. In re Deitz, 760 F.3d at 1043–50. The Ninth Circuit emphasized that "dischargeability actions are 'central to federal bankruptcy proceedings,' and . . . 'necessarily resolved during the process of allowing or disallowing claims against the estate,' " so that the " 'dischargeability determination . . . constitutes a public rights dispute that the bankruptcy courts may decide.' " Id. at 1039 (quoting Carpenters Pension Trust Fund for N. Cal. v. Moxley, 734 F.3d 864, 868 (9th Cir. 2013)). Adopting the Bankruptcy Appellate Panel's opinion below as its own, the Ninth Circuit reaffirmed a pre-Stern decision holding that a bankruptcy court has jurisdiction to enter a monetary judgment in conjunction with finding a debt was non-dischargeable. Id. at 1048 (citing In re Kennedy, 108 F.3d 1015 (9th Cir. 1997)). That prior decision reasoned that "equitable jurisdiction attaches to the entire cause of action" and that "it is impossible to separate the determination of the dischargeability function from the function of fixing the amount of the non-dischargeable debt." Id. (quoting In re Kennedy, 108 F.3d 1015, 1017–18 (9th Cir. 1997)). This casts doubt on Longhorn's argument that a jury trial is nevertheless required for its dischargeability action because its liability theory incorporates state law.

This Court's conclusion that Longhorn has not shown that a jury trial is required finds further support in a decision of the Bankruptcy Appellate Panel of the Ninth Circuit, which has held that there is "no right to jury trial on the issue of liability and damages" in nondischargeability proceedings. In re Locke, 205 B.R. 592, 699–600 (9th Cir. BAP 1996). It is also consonant with a bankruptcy court decision within this circuit holding that a litigant had no right to a jury trial in a nondischargeability proceeding, even though the underlying fraud-based RICO claims were legal in nature and the putative creditors would have been "entitled to a jury trial on those claims if brought . . . outside the bankruptcy context." In re Valle, 469 B.R. 35, 39–43 (Bankr. D. Idaho 2012). Noting the question left open by In re Hashemi, the In re Valle court engaged in an extensive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\* AMENDED \* CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-01498-CAS | Date | April 13, 2015 |
|---|---|---|---|
| Title | ONE LONGHORN LAND I, L.P. v. BRIAN PRESLEY | | |

analysis of Ninth Circuit precedent bearing on the issue. Id. at 40–42. The bankruptcy court then rejected the argument that a Seventh Amendment right attaches where the nondischargeability action requires a court to "determine liability and damages in order to establish the underlying debt." Id. at 43. The court reasoned that "[a]djudication of the underlying claim, which arises under nonbankruptcy law, becomes part and parcel of the dischargeability determination and thus integral to restructuring the debtor-creditor relationship." Id. at 43. This reasoning is persuasive, especially in light of the Ninth Circuit's recognition of the difficulty of separating "the determination of the dischargeability function from the function of fixing the amount of the non-dischargeable debt." In re Kennedy, 108 F.3d at 1018. Because Longhorn has not shown that a jury trial is required, this consideration does not favor permissive withdrawal.

In sum, the adversary complaint raises core nondischargeability claims, and Longhorn has not carried its burden of showing that permissive withdrawal is warranted under the circumstances.

## V.     CONCLUSION

Because Longhorn has not shown that withdrawal is mandatory or warranted in the Court's discretion, the motion to withdraw the bankruptcy reference is **DENIED**.

IT IS SO ORDERED.

|  | 00 | : | 17 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |